# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNY EMMONS,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| VS. | * |
| | *   CASE NO: _____ |
| **EQUIFAX INFORMATION SERVICES,** | * |
| **LLC; EXPERIAN INFORMATION** | * |
| **SOLUTIONS, INC.; TRANS UNION, LLC;** | * |
| **and SUNTRUST BANK, INC.,** | *   **JURY TRIAL DEMANDED** |
| | * |
| **Defendants.** | * |

## COMPLAINT

**COMES NOW**, the Plaintiff, JENNY EMMONS, by and through the undersigned attorney and states the complaint as follows:

### PRELIMINARY STATEMENT

This case arises from the inaccurate reporting of an automotive loan account. Through the wrongful actions of the Defendants, Plaintiff's account had derogatory and inaccurate information which was reported as part of Plaintiff's credit file that was maintained by the major credit bureaus. Once this inaccurate information was discovered by Plaintiff, she took steps available under the federal law to attempt to remove the inaccurate information from her credit files. However, despite her providing information to the credit reporting agencies and Suntrust Bank, Inc. which conclusively demonstrated that the information reporting on the account was inaccurate, no steps were taken by Suntrust Bank, Inc. or the credit bureaus to adjust the inaccurate reporting of the account on Plaintiff's credit file. Plaintiff asserts claims under the

Fair Credit Reporting Act ("FCRA") against Suntrust Bank, Inc. and the defendant credit reporting agencies for failing to properly investigate Plaintiff's dispute and failing to delete the inaccurate data reporting on Plaintiff's credit file. Plaintiff asserts claims under state law against the Defendants for negligence and defamation due to the inaccurate reporting of Plaintiff's account.

## THE PARTIES

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees

2. Plaintiff is a natural person and consumer and a resident of Baldwin County, Alabama. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Defendant Equifax Information Services, LLC ("Equifax") is a corporation incorporated under the laws of Georgia. It has its principal place of business in Atlanta, Georgia.

4    Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of Ohio. It has its principal place of business in California.

6. Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

7. Defendant Trans Union, L.L.C. ("Trans Union") is a corporation incorporated under the laws of Illinois. It has its principal place of business in Illinois.

8. Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

9. Defendant, Suntrust Bank, Inc., ("Suntrust") is a corporation doing business in Alabama and is incorporated under the laws of Georgia. Its principal place of business is in Atlanta, Georgia. Suntrust is a furnisher of credit as defined under the FCRA.

## JURISDICTION

10. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection FCRA of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

## FACTUAL ALLEGATIONS

11. Plaintiff purchased a new Ford Lincoln LS from Family Ford located in Florence, Alabama, on April 4, 2006, which was financed through Defendant SUNTRUST for $32,897.99.

12. On or about October 5, 2006, Plaintiff was involved in a car wreck that totaled the vehicle.

13. At the time of the accident the fair market value for the vehicle was $24,725.00, which was paid by the at-fault insurance carrier State Farm. The remaining balance owed on the

loan was paid by Plaintiff's GAP carrier, as she was required to take this type of insurance out at the time of purchase.

14. However, after the insurance payments were made to pay off the remaining balance on the automotive loan, SUNTRUST insisted that the Plaintiff still owed over $700 on the account.

15. The Plaintiff contacted SUNTRUST numerous times over the next several months to have this issue resolved as the total amount of the loan was to have been paid off by all the insurance monies.

16. During this time, Plaintiff began receiving collection statements from SUNTRUST regarding the outstanding amount they claimed she owed on the account.

17. Plaintiff continued contacting customer service and other employees of SUNTRUST asking them to update the account to reflect the correct account information and to cease all collection activity on an account as it was already paid in full.

18. In fact, after months of unsuccessful attempts with SUNTRUST to adjust the loan amount, Plaintiff ordered her consumer reports in 2007 from TRANS UNION, EQUIFAX and EXPERIAN and after examining the same, Plaintiff learned that all three credit reporting agencies were reporting false information about her.

19. Plaintiff discovered the SUNTRUST account was not only showing past due, but also reporting as a "charge off" in the amount of over $32,000.00.

20. Plaintiff then contacted TRANS UNION, EQUIFAX and EXPERIAN and, on repeated occasions, disputed the reporting of the SUNTRUST account with each of the credit reporting agencies. Plaintiff submitted to each of the Defendants documents conclusively demonstrating that the reporting of the SUNTRUST account was inaccurate and to update her

credit report immediately to reflect that the account was in good standing and to remove the "charge off" notification and other derogatory notations reporting on the account.

21. Defendants received numerous dispute letters from the Plaintiff as each one was sent by certified mail.

22. On information and belief, TRANS UNION, EQUIFAX and EXPERIAN contacted the creditor SUNTRUST about the inaccurate information being reported on her credit report pursuant to the regulations and procedures provided for under the FCRA.

23. Plaintiff received the reinvestigation results from TRANS UNION, EQUIFAX and EXPERIAN and each time the SUNTRUST account was verified and continued to report derogatory information.

24. TRANS UNION, EQUIFAX and EXPERIAN did not perform proper investigations as the account was not updated or corrected as requested by the Plaintiff.

25. The continued reporting by the Defendants occurred after the Plaintiff's notifications to the Defendants that the account was reporting inaccurately.

26. Plaintiff disputed the inaccurate information reporting on her TRANS UNION, EQUIFAX and EXPERIAN credit reports several more times with each time the Defendants verifying the account information reporting as accurate.

27. The Plaintiff has had numerous credit denials since disputing the inaccurate account with the credit reporting agencies, including being denied for several home loans, a car loan and several credit cards.

28. The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

29. Defendants have failed to conduct an adequate investigation with respect to the disputed information; failed to review all information provided by the consumer; were careless and negligent in the manner in which they carried out any investigation; and intentionally reported inaccurate information in an effort to force or coerce plaintiff into paying a debt that was not hers.

### COUNT ONE
*Failure of Trans Union, Equifax and Experian*
*to comply with §1681e(b) of the FCRA*

30. This is a count against TRANS UNION, EQUIFAX and EXPERIAN for violations of the FCRA and state law.

31. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

32. TRANS UNION, EQUIFAX and EXPERIAN issued, assembled, transferred and published "consumer reports," regarding the Plaintiffs, as defined in the FCRA.

33. TRANS UNION, EQUIFAX and EXPERIAN have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiffs' consumer report(s) and disseminated.

34. TRANS UNION, EQUIFAX and EXPERIAN through their actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

35. TRANS UNION, EQUIFAX and EXPERIAN have continually posted false and harmful information to Plaintiffs' consumer reports without requiring a reasonable number of points of correspondence.

36. In fact TRANS UNION, EQUIFAX and EXPERIAN knew from its own records that the Plaintiff had filed a police report and disputed the account information.

37. TRANS UNION, EQUIFAX and EXPERIAN failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiffs' consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

38. TRANS UNION, EQUIFAX and EXPERIAN created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

39. Upon information and belief, TRANS UNION, EQUIFAX and EXPERIAN utilize a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

40. Upon information and belief, TRANS UNION, EQUIFAX and EXPERIAN have improperly posted accounts and other data to Plaintiff's credit file(s).

41. TRANS UNION, EQUIFAX and EXPERIAN have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

42. In addition to actual or compensatory damages for its negligent conduct, TRANS UNION, EQUIFAX and EXPERIAN are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

**COUNT TWO**
*Failure of Suntrust to Comply with § 1681s-2(b) of the FCRA*

43. This is a count against Defendant SUNTRUST for its failure to comply with § 1681s-2(b) of the FCRA.

44. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

45. After receiving notice of the dispute from Plaintiff, Defendants TRANS UNION, EQUIFAX and EXPERIAN, Defendant SUNTRUST:

    a. Failed to conduct an adequate investigation with regard to the disputed information;

    b. Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies;

    c. Failed to promptly investigate and report the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT THREE
*Failure to comply with State Laws and FCRA §1681i*

46. This is a count against Defendants TRANS UNION, EQUIFAX and EXPERIAN for violations of the FCRA and state law.

47. Plaintiffs re-allege the relevant foregoing paragraphs of this complaint as if fully set out herein.

48. Defendants, TRANS UNION, EQUIFAX and EXPERIAN issued, assembled, transferred and published "consumer reports," regarding Plaintiffs, as defined in the FCRA.

49. TRANS UNION, EQUIFAX and EXPERIAN have continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

50. TRANS UNION, EQUIFAX and EXPERIAN failed and refused to adequately reinvestigate the disputed account of Plaintiff as required by the FCRA.

51. TRANS UNION, EQUIFAX and EXPERIAN failed and refused to send to Defendant SUNTRUST all of the information regarding the disputed account that was supplied to them by the Plaintiff.

52. TRANS UNION, EQUIFAX and EXPERIAN failed and refused to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

53. TRANS UNION, EQUIFAX and EXPERIAN, through their actions and inactions, as described herein, caused great and irreparable injury to the Plaintiff.

54. TRANS UNION, EQUIFAX and EXPERIAN have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

55. TRANS UNION, EQUIFAX and EXPERIAN failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to

other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiffs' consumer reports.

56. TRANS UNION, EQUIFAX and EXPERIAN created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

57. Upon information and belief, Defendants TRANS UNION, EQUIFAX and EXPERIAN utilize a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

58. TRANS UNION, EQUIFAX and EXPERIAN have improperly posted accounts and other data to Plaintiff's credit file(s).

59. TRANS UNION, EQUIFAX and EXPERIAN have maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

60. In addition to actual or compensatory damages for its negligent conduct, Defendants TRANS UNION, EQUIFAX and EXPERIAN are liable unto the Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

### COUNT FOUR
*Defamation*

61. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

62. Between at least 2006 through the present, Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that the Plaintiff was delinquent in paying on her account.

63. Defendants published this information both orally and in writing.

64. Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified Defendants that the account was in good standing and should not have been reporting as a charged off account.

65. Plaintiff continued to notify Defendants by letters and telephone and/or through its collection agencies that the charges and account was not hers and not authorized by her.

66. The written publications by Defendants constitute liable per se. The verbal publications constitute slander per se.

67. Despite Plaintiff's notices, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not hers. Moreover, Defendant SUNTRUST acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed account information was that of the Plaintiff. Defendants' acts constitute express or actual malice.

68. As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain credit, mental anguish, and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT FIVE
### *Negligence and Wantonness against SUNTRUST*

69. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

70. This is a count against Defendant SUNTRUST for negligence and wantonness under Alabama law.

71. At all times relevant hereto SUNTRUST owed a duty of reasonable care to the Plaintiff, persons in whose names, and upon whose identification, an account is opened to ensure that the persons opening the account and to whom account was given were not imposters.

72. Defendant SUNTRUST's breach of this duty resulted in damages as alleged herein.

73. Defendant SUNTRUST's breach of its duty to Plaintiff was reckless and wanton entitling Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED,**

**DATED** this, the 27th day of February, 2009.

_____
**JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)
Attorneys for Plaintiff**

**Law Offices of Earl P. Underwood
21 South Section St.
PO Box 969
Fairhope, Alabama 36533**

Telephone: 251-990-5558
Facsimile: 251-990-0626
jpatterson@alalaw.com

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.

_____
James D. Patterson